**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Marc Cayce,

Plaintiff,

v.

Gary Gingsburg,

Defendant.

______________________________/

Case No. 25-cv-14102

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

# ORDER OF DISMISSAL

Plaintiff Marc Cayce initiated this action on December 19, 2025. On that date, he filed a complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF Nos. 1, 2.) Plaintiff is self-represented or *pro se*.

On December 30, 2025, the Court issued an order directing Plaintiff to submit a revised Application to Proceed in District Court Without Prepaying Fees or Costs, given that his application was incomplete. (ECF No. 5.) Plaintiff submitted a revised application on January 7, 2026. (ECF No. 6.) On April 2, 2026, the Court issued an order (ECF No. 7) striking Plaintiff's applications (ECF Nos. 2, 6) because they "[c]ontain[ed]

information that must be redacted" under Federal Rule of Civil Procedure 5.2. The April 2, 2026 order stated:

> If Plaintiff wishes to renew his request to proceed without prepaying the fees or costs for this litigation, he must submit a revised Application to Proceed in District Court Without Prepaying Fees or Costs by **April 30, 2026**. Plaintiff's revised application must (1) address the deficiency identified above, (2) answer each of the questions that appear in the application, and (3) contain Plaintiff's handwritten signature. *See* Fed. R. Civ. P. 11(a) ("Every . . . paper must be signed . . . by a party personally if the party is unrepresented."). If Plaintiff declines to submit a revised Application to Proceed in District Court Without Prepaying Fees or Costs, he must pay the filing fee by **April 30, 2026**.
>
> In addition, Plaintiff must file an amended complaint that clarifies the Defendant(s) in the case. On certain pages of the form complaint, Plaintiff identifies one Defendant: Gary Gingsburg. (*See* ECF No. 1, PageID.2, 5–6.) But in a separate complaint attached to the form complaint, Plaintiff identifies two Defendants: Gary Gingsburg and GG Capital Investments, LLC. (*Id.* at PageID.9.) And in his now-stricken Applications to Proceed in District Court Without Prepaying Fees or Costs (ECF Nos. 2, 6), Plaintiff identifies only GG Capital Investments, LLC as the Defendant in the case caption. Because of these inconsistencies, Plaintiff must file an amended complaint by **April 30, 2026** that clarifies the Defendant(s) he is suing.
>
> **Failure to comply with any part of this order may result in sanctions, including the dismissal of the action.**

(ECF No. 7, PageID.24–26 (emphasis in original) (footnote omitted).)

Plaintiff did not submit a revised application, pay the filing fee, or file an amended complaint by the deadline specified in the Court's April 2, 2026 order. As a result, the Court issued a show cause order on June 29, 2026 in which it ordered Plaintiff "to show cause in writing why the Court should not dismiss the action due to his failure to comply with the Court's order and/or his failure to prosecute the case." (ECF No. 9, PageID.33 (citing Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2).) The Court noted that "the docket reflects that Plaintiff has not been prosecuting his case for over five months." (*Id.*) The show cause order specified that "Plaintiff's response . . . [wa]s due by **July 13, 2026**." (*Id.* (emphasis in original).) The Court warned Plaintiff that "**[f]ailure to file a response by July 13, 2026 will result in sanctions, including the dismissal of the action**." (*Id.* (emphasis in original).) The deadline imposed in the Court's show cause order elapsed over three months ago, and the Court has not received any communication from Plaintiff. Plaintiff has not responded to the Court's show cause order or asked for more time to respond.

The Court dismisses this case without prejudice due to Plaintiff's failure to comply with the Court's orders and his failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024); *see* E.D. Mich. LR 41.2 ("[W]hen it appears . . . that the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown.").

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;

> and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff failed to comply with the Court's April 2, 2026 order because he did not submit a revised Application to Proceed in District Court Without Prepaying Fees or Costs, he did not pay the filing fee, and he did not file an amended complaint that clarifies the Defendant(s) in the case. In addition, he did not respond to the Court's June 29, 2026

show cause order. Plaintiff has taken no action in this case since January 7, 2026—the date he filed a second Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6)—over nine months ago. "Although [Plaintiff's] conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). According to the docket, service on Defendant(s) Gary Gingsburg and/or GG Capital Investments, LLC has not been completed and Defendant(s) have not appeared in the case. As a result, there is no indication that Defendant(s) have been prejudiced by Plaintiff's conduct.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when

determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, the Court warned Plaintiff about the possibility of dismissal more than once. The Court warned Plaintiff in its April 2, 2026 order that "[**f**]**ailure to comply with any part of this order may result in sanctions, including the dismissal of the action**." (ECF No. 7, PageID.26 (emphasis in original).) The Court warned Plaintiff in its June 29, 2026 show cause order that "[**f**]**ailure to file a response by July 13, 2026 will result in sanctions, including the dismissal of the action**." (ECF No. 9, PageID.33 (emphasis in original).)

The fourth factor also favors dismissal. The Court previously considered lesser sanctions prior to this dismissal order. After Plaintiff failed to comply with the Court's April 2, 2026 order (ECF No. 7), the Court issued a show cause order on June 29, 2026. (ECF No. 9.)

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's orders and for want of prosecution. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 19, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager